UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| KATHERINE TAYLOR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 06-0625-CV-W-DW-SSA |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Katherine Taylor ("Plaintiff") seeks judicial review of the denial of her request for disability benefits under Title II of the Social Security Act. Judicial review is appropriate because Plaintiff has exhausted her administrative remedies, and jurisdiction is conferred on this Court pursuant to 42 U.S.C. § 405(g). The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated herein only to the extent necessary. After carefully examining the entire record, the Court AFFIRMS the Commissioner's decision for the reasons set forth below.

## STANDARD OF REVIEW

A court's review of the decision to deny social security benefits is limited to determining if the Commissioner's findings are supported by substantial evidence on the record as a whole. *Eichelberger v. Barnhart*, 390 F.3d 584, 589 (8th Cir. 2004). Substantial evidence is evidence that reasonable minds would accept as adequate to support the Commissioner's decision. *Sultan v. Barnhart*, 368 F.3d 857, 862 (8th Cir. 2004). The review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; the court also takes into account evidence that detracts from it. *Neal v. Barnhart*, 405 F.3d 685, 688 (8th Cir. 2005). An administrative decision is not subject to reversal merely because some evidence supports the opposite conclusion, or because the appellate court would have decided the case differently. *Roberts v. Apfel*, 222 F.3d 466, 468 (8th Cir. 2000). Furthermore, deference is given to the Commissioner's determination regarding the credibility of the testimony, as long as it is supported by good reasons and substantial evidence. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005).

## DISCUSSION

## I. Somatoform Disorder Diagnosis

Plaintiff first argues that the ALJ incorrectly relied on the medical findings of Dr. Ronald Holzschuh, Ph.D., who diagnosed Plaintiff with somatoform disorder. This court, however, finds that there is substantial evidence on the record to support such a finding.

When making a determination in social security disability benefits cases, the ALJ bases his or her decision on medical evidence, supported by clinical diagnostic techniques, as well as the medical opinions of designated medical or psychological consultants. *Shontos v. Barnhart*, 328 F.3d 418, 424 (8th Cir. 2003). A state medical or psychological consultant is considered a physician "designated by the commissioner" as expert opinion evidence. *Jones v. Barnhart*, 315 F.3d 974, 978-79 (8th Cir. 2003). Consequently, an ALJ must at least consider a consultant's psychological diagnosis and cannot simply dismiss such findings or make independent medical judgments. *See Delrosa v. Sullivan*, 922 F.2d 480, 484-85 (8th Cir. 1991) (finding ALJ erred in refusing to accept physician's findings of psychological impairments). Furthermore, while more weight is generally given to a treating physician than a non-treating physician, the ALJ has the authority to rely on a medical consultant's opinion, giving it the appropriate weight. *Meares v. Barnhart*, 2003 WL 22283913, *11 (E.D. Mo. Aug. 29, 2003) (finding substantial evidence that the ALJ correctly relied on the state agency medical consultant's determination in the absence of a treating physician's findings).

In the present case, after conducting psychological evaluations on and independently examining Plaintiff, Dr. Holzschuh concluded that Plaintiff had somatoform disorder. Tr. 253-57. Because Dr. Holzschuh was a reliable psychological consultant and there was no treating physician's psychological assessment to rely upon, there is substantial evidence to support the ALJ's reliance on Dr. Holzschuh's findings.

Plaintiff also argues that because Dr. Robert Karsh opined that Plaintiff did not have somatoform disorder, Dr. Holzschuh's subsequent diagnosis was wrong. However, the Eighth Circuit has established that an ALJ has the authority to resolve any conflicts of opinion among physicians. *Jenkins v. Chater*, 76 F.3d 231, 233 (8th Cir. 1996). In fact, an ALJ "is free . . . to choose between properly submitted medical opinions." *Consolidation Coal Co. v. McGrath*, 866 F.2d 1004, 1007 (8th Cir. 1989). The Eighth Circuit has upheld an ALJ's decision to heed the

2

opinion of a medical consultant with better, more thorough medical evidence over another medical consultant's inconsistent opinions that are not as credible. *See Reed v. Barnhart*, 399 F.3d 917, 921 (8th Cir. 2005).

The ALJ weighed the conclusions of both Dr. Karsh, who testified as a neutral medical expert at the hearing, and Dr. Holzschuh, who was employed by the court to perform a consultative psychological evaluation. Tr. 20-21. The ALJ did not agree with Dr. Karsh's conclusions because they were based on giving full credibility to Plaintiff's subjective complaints, which the ALJ found were not fully credible. Tr. 20-22. Instead, he relied on Dr. Holzschuh's findings that, based on the objective psychological evaluations, Plaintiff had limited mental impairments. Tr. 21-22. We conclude that the ALJ properly considered each medical opinion in making his decision and in adopting Dr. Holzschuh's determination.

## II. Credibility Analysis

In addition to objecting to the legitimacy of the somatoform diagnosis, Plaintiff argues that the ALJ's reliance on the somatoform diagnosis led him to erroneously question Plaintiff's credibility as to her physical complaints. It appears as though Plaintiff is implying that where an individual is diagnosed with somatoform disorder, one must automatically conclude that any physical symptoms of pain are fabricated, and that a diagnosis of somatoform disorder necessarily negates any other potential diagnosis. Ordinarily, however, somatoform disorder is used to prove that an individual *is* in fact disabled and entitled to social security benefits. *See, e.g., Easter v. Bowen*, 867 F.2d 1128, 1130 (8th Cir. 1989) (finding Plaintiff eligible for disability benefits because she had qualifying somatoform disorder); *Hall v. Bowen*, 857 F.2d 1210, 1212 (8th Cir. 1988) (noting that somatoform disorder is listed among the impairments that qualify an individual as disabled).

Despite Plaintiff's assumptions, the record in the present case shows that the ALJ recognized the existence of both somatoform disorder and fibromyalgia (Tr. 24); nowhere does it reveal that the ALJ discredited Plaintiff's symptoms because of the existence of somatoform disorder or that the ALJ believed Plaintiff's symptoms were fabricated. Alternatively, the record clearly shows that the ALJ did not deny Plaintiff benefits because he thought her impairments did not exist. Instead, he refused to give full credit to Plaintiff's subjective complaints and thus held that her impairments were not severe enough to qualify her as disabled as defined in the Social Security Act.

3

The ALJ also properly considered Plaintiff's subjective complaints. *See Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) (holding that an ALJ must not disregard an individual's subjective complaints where direct medical evidence does not amount to a severe impairment). Adjudicators are required to consider a claimant's prior work record, as well as observations by third parties and physicians in regard to 1) the claimant's daily activities; 2) the duration, frequency and intensity of the pain; 3) the precipitating and aggravating factors; 4) dosage, effectiveness, and side effects of medication; and 5) functional restrictions. *Id.* at 1322. The ALJ may discount the claimant's subjective complaints if there are inconsistencies in the record as a whole. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). Because the ALJ is in the best position to assess the claimant's credibility, courts often defer to the ALJ's determination. *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001).

In the present case, the ALJ explicitly referenced the *Polaski* factors and the need to examine the credibility of Plaintiff's subjective complaints. Tr. 22. In a credibility determination, an ALJ may take into account the absence of objective medical evidence to support subjective pain complaints, inconsistencies between a claimant's daily activities and his subjective allegations, and a claimant's relevant work history. *Ramirez v. Barnhart*, 292 F.3d 576, 581-82 (8th Cir. 2002). The ALJ discredited the disabling nature of Plaintiff's subjective complaints for a number of reasons apparent in the record. For instance, the ALJ noted that Plaintiff's treating physician never determined that her impairments prevented her from working. Tr. 22. In fact, Plaintiff was encouraged many times to engage in aerobic activity. Tr. 22. The ALJ also found Plaintiff's allegations of tiring after very short activity inconsistent with other activities in which Plaintiff has taken part, such as driving a car, attending church twice a week, singing in the choir, and taking care of her grandchild. The ALJ also contended that Plaintiff's strong work history indicated that her pain was less severe than she portrayed. Tr. 22. Lastly, the ALJ's determination that Plaintiff's use of pain medication was not disabling is correct in that Plaintiff admits the medication "takes the edge off." *See Stout v. Shalala*, 998 F.2d 853, 855 (8th. Cir. 1993) (holding that if treatment or medication can control an impairment, the impairment is not disabling).

This Court abides by the Eighth Circuit's express determination that it "will not disturb the decision of an [ALJ] who seriously considers, but for good reason explicitly discredits, a claimant's testimony of disabling pain." *Johnson*, 240 F.3d at 1148. Therefore, for the above-

4

mentioned reasons, this Court finds that substantial evidence supports the ALJ's ruling that Plaintiff's subjective complaints were not fully credible and that Plaintiff's impairments are not significant enough to render her unable to engage in substantial gainful activity.

## III. Dr. Holzschuh's Use of the MMPI Results

Plaintiff's next argument is that Dr. Holzschuh's somatoform diagnosis was erroneously based on the results of the Minnesota Multi-Phasic Personality Inventory (MMPI), asserting that the MMPI is outdated and not recommended for clinical use. Plaintiff is again asking the ALJ to make an independent medical conclusion contrary to the opinion of a medical expert, which is, as was previously discussed, not permitted. *See Consolidation Coal Co.,* 866 F.2d at 1007 (asserting that an ALJ may not favor his own expertise over a physician's findings). Moreover, though Plaintiff contends the test was no longer effective as of 1999, courts have continued to utilize the MMPI since that date. *See, e.g., Ryan v. Clarke*, 387 F.3d 785, 791-92 (8th Cir. 2004) (deeming the MMPI a "credible" and "respected objective psychological test").

Plaintiff also argues that the MMPI was not intended to make clinical diagnoses, but as a guide to reaching behavioral hypotheses. While Plaintiff seems to suggest that the MMPI was Dr. Holzschuh's sole evidence in making his psychological diagnosis, Dr. Holzschuh's report reveals that he did not rely solely on the MMPI but instead used the test results to confirm his independent evaluation of Plaintiff. Tr. 253-57. Thus, Dr. Holzschuh's psychological diagnosis, aided by the MMPI, was correct and reliable.

## IV. Third Party Statements and Medication Side Effects

Finally, Plaintiff alleges that the ALJ failed to consider the statements of her husband and son, as well as side effects of Plaintiff's medication, in making his determination. While it is true that an ALJ "must give full consideration to all of the evidence presented relating to subjective complaints, including . . . observations by third parties" and evidence "relating to such matters as . . . side effects of medication," *Polaski*, 739 F.2d at 1322, the courts have clearly determined that an ALJ is not required to make an express finding on each *Polaski* factor. *Eichelberger*, 390 F.3d at 590. Because an ALJ is not required to discuss all of the evidence submitted, "an ALJ's failure to cite to specific evidence does not indicate that it was not considered." *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998). Despite Plaintiff's contentions otherwise, the ALJ did note the need to assess third party observations and adverse side effects of medication when referencing each *Polaski* factor in his conclusions. Tr. 22. This reference

5

indicates that while the ALJ did not make express findings on each factor, he considered them. Accordingly, the ALJ's failure to make explicit findings on third party statements or side effects of medication in his determination is inconsequential to the validity of his decision.

## CONCLUSION

After careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Plaintiff's disability benefits is AFFIRMED.


Date:  March  30, 2007                                       /s/  DEAN WHIPPLE
                                                                                               Dean Whipple
                                                                                     United States District Judge

6

Case 4:06-cv-00625-DW   Document 14   Filed 03/30/07   Page 6 of 6